Dear Honorable Williamson:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is an employee who works for the judicial branch of state government, including an appointed special judge, eligible for longevity pay pursuant to 74 O.S.Supp. 2007, § 840-2.18[74-840-2.18], if such employee does not otherwise receive longevity pay?
To answer your question we must determine: (1) if special judges and other employees of the judicial system are subject to other longevity pay plans, and (2) whether, or under what conditions, such employees are eligible for the longevity pay plan authorized by 74 O.S.Supp. 2007, § 840-2.18[74-840-2.18].
 THE STATE LONGEVITY PAY PLAN
The State longevity pay plan is authorized by 74 O.S. Supp. 2007, § 840-2.18[74-840-2.18] which provides, in pertinent part, as follows:
 A. A longevity pay plan is hereby adopted. This plan applies to all state classified, unclassified, and exempt employees, excluding members of boards and commissions, institutions under the administrative authority of the State Regents for Higher Education, employees of public school districts, and elected officials.
 . . . .
 J. Employees currently receiving longevity pay who work for the judicial branch of state government or who work for the Oklahoma Department of Career and Technology Education shall not be eligible for the longevity pay plan provided for in this section.
Id. (emphasis added). We previously addressed benefits to judges and justices under the Uniform Retirement System for Justices and Judges in Attorney General Opinion 04-13. In that Opinion we concluded judges or justices are not presently eligible for longevity pay under the Oklahoma *Page 2 
Personnel Act (current version at 74 O.S. 2001 Supp. 2007, §§ 840-1.1 — 7.1), as that body of law relates to offices within the executive
branch of government. A. G. Opin. 04-13, at 74. The Personnel Act applies to "employees," defined in Section 840-1.3(2) as "an elected or appointed officer or employee of an agency unless otherwise indicated" and "agency" means "any office, department, board, commission or institution of theexecutive branch of state government[.]" Id. § 840-1.3(1) (emphasis added).
 JUDICIAL BRANCH EMPLOYEES ARE NOT SUBJECT TO THE PERSONNELACT
The judicial branch of state government is a separate constitutional branch. OKLA. CONST. art. IV, § 1. Thus, as discussed above, judicial employees are not treated as executive branch employees for longevity purposes of the Personnel Act.
Title 20 O.S.Supp. 2007, §§ 106.9[20-106.9](A) and 125(A) provide that court reporters and secretary-bailiffs are engaged by the district court and are under supervision of the district judges.
We thus conclude that not only judges (which would include special judges (see 20 O.S. 2001, § 91.3[20-91.3])) but also other employees of the judicial branch, such as bailiffs, secretaries and court reporters are not subject to the provisions of the Personnel Act for purposes of longevity pay.
In Opinion 04-13, we questioned what employees of the judicial branch might have been referred to in Section 840-2.18(J) quoted above. Upon further research, we believe this reference is to court reporters. Title 20 O.S.Supp. 2007, § 106.9[20-106.9](B) establishes a longevity plan for certified or licensed court reporters with a payment of $400 per year of service up to a maximum of 20 years in the district court, the Workers' Compensation Court and the Corporation Commission. Our research reveals no other longevity plan within the judicial branch for other employees such as judges, justices, bailiffs, secretaries or court administrators.
It is, therefore, the official Opinion of the Attorney Generalthat:
 Special judges and other employees of the judicial branch are not eligible for longevity pay under 74 O.S.Supp. 2007, § 840-2.18[74-840-2.18](A), (J); certified or licensed court reporters are eligible for longevity pay under 20 O.S.Supp. 2007, § 106.9[ 20-106.9](B), but no other judicial branch employees are presently eligible for such pay.
W.A. DREW EDMONDSON Attorney General of Oklahoma
LYNN C. ROGERS Assistant Attorney General